**AMERICAN TEXTILE ARTISTS ASSOCIATES, INC.**

v.

**R. Gary CLARK, Tax Administrator for the State of Rhode Island (formerly John H. Norberg).**

No. 84–480–M.P.

Supreme Court of Rhode Island.

Dec. 21, 1987.

Herbert E. Harris, Jr., Providence, for plaintiff.

Marcia McGair Ippolito, Chief Legal Officer, Rhode Island Div. of Taxation, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on the petition for certiorari of American Textile Artists Associates, Inc. (taxpayer), to review a judgment of the District Court of the Sixth Division which affirmed a deficiency assessment made by the tax administrator in the amount of $20,611.10. The facts underlying this controversy are generally undisputed and may be summarized as follows.

The taxpayer, a Rhode Island corporation, has as its sole business client, another related corporation entitled Universal Engravers, Inc. (Universal). Universal is in the business of producing copper rollers and silk screens. The officers of the taxpayer are also full-time employees of Universal. The taxpayer receives from Universal patterns, acetate sheets, or transparencies. The taxpayer employs artists who create art work by transferring designs and colors from the patterns to the colored acetate sheets. This is accomplished by a technique which is referred to as color separation. When the acetate sheets are finished, they are returned to Universal whose employees may do additional work, if necessary, to make them camera ready. Universal employees then photograph the sheets and adhere the photographs to the copper rollers and silk screens. After the photographing of the sheets or color separations, the sheets are never used again and they are destroyed by the taxpayer, Universal, or the artists.

The taxpayer argues that the issues raised by this appeal have in effect been already determined by our opinion in *Hasbro Industries, Inc. v. Norberg*, 487 A.2d 124 (R.I.1985). In that case, a similar issue was raised regarding the exemption from taxation under G.L. 1956 (1980 Reenactment) § 44–18–30(H) of certain color separations which were used in fabricating printing plates. After the printing plates were fabricated, the color overlays and color separations were of no further use. We held that the sale of the mechanicals and color overlays were exempt from taxation under § 44–18–30(H), which exempts from taxation tangible personal property that "is

consumed directly in the process of manufacturing for resale tangible personal property * * * provided, however, that such consumption occurs within one (1) year from the date such property or service is first used or applied in such process of manufacturing." *Id.* This same subsection defines the term "consumed directly" as follows:

> " 'Consumed directly' means destroyed, used up, or worn out to the degree or extent that such property cannot be repaired, reconditioned, or rendered fit for further manufacturing use.
>
> " 'Consumed directly' shall not mean or include mere obsolescence." *Id.*

In *Hasbro,* we determined that the mechanicals, color overlays, color separations and clay models were "used up" as opposed to becoming obsolete. 487 A.2d at 127.

Similarly, in the case at bar, uncontradicted testimony indicated that the color separations and acetate sheets were too fragile and crispy to be used again and, therefore were destroyed after the photographing process. Consequently, we believe that these sheets were consumed directly in the process of fabricating the copper rollers and silk screens.

We have examined carefully the arguments of the tax administrator which attempted to distinguish this case from *Hasbro.* Apparently the administrator contends that since this taxpayer was the producer of the tangible personal property as opposed to being the purchaser as in *Hasbro,* a distinction should be made. We believe that this distinction is not persuasive since § 44–18–30(H) exempts tangible personal property which is consumed directly in the process of manufacturing from both sales and use taxes. Therefore, the taxpayer's posture as producer rather than purchaser would not defeat the exemption.

For the reasons stated, the petition for certiorari is hereby granted. The judgment of the District Court is quashed. The papers in the case may be remanded to the District Court with our decision endorsed thereon.